UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TAI MUSSA and CHARLIE WAIR, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>TOWN OF NEW CHICAGO and JAMES )<br>RICHARDSON, )<br>)<br>Defendants. ) | Case No. 2:19-cv-406 |

**OPINION AND ORDER**

This matter is before the court on the Motion for Judgment on the Pleadings [DE 17] filed by the defendants, Town of New Chicago and James Richardson, on February 12, 2020. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiffs, Tai Mussa and Charlie Wair, initiated this matter against the defendants, Town of New Chicago and James Richardson, on October 24, 2019. The plaintiffs are seeking damages, costs and attorney fees against the defendants for the deprivation of their rights under the Fourth and Fourteenth Amendments.

The plaintiffs have alleged that on October 23, 2018, Richardson, who was the Chief of Police at New Chicago, approached Mussa in her vehicle while she was parked in an alley waiting for her husband, Charlie Wair, to complete tree trimming work. (DE 1, ¶¶ 8, 9). Richardson asked for Mussa's identification, and then he allegedly reached into her vehicle and grabbed her cell phone. (DE 1, ¶ 13). When Mussa took her phone back, Richardson removed her from the vehicle "by press[ing] his thumb in her throat, beneath her chin, choking her, twist[ing] her wrist, push[ing] her fingers backwards and pull[ing] her hair to get her out of the

vehicle." (DE 1, ¶¶ 14, 16).  Richardson put Mussa in handcuffs, advising her that she was being arrested. (DE 1, ¶¶ 14-21).

The plaintiffs allege that Richardson's actions violated Mussa's right to be free from the use of unreasonable or excessive force by the police, pursuant to the Fourth and Fourteenth Amendments.  The plaintiffs further allege that Richardson's use of unreasonable and excessive force deprived Wair of his right to enjoy continuing family relations with Mussa, as protected by the Fourteenth Amendment to the United States Constitution.  In their Answer, the defendants have admitted that Richardson was acting within the scope of his employment and under the color of law.

The instant motion is a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  The defendants seek judgment as to all the allegations contained in the Complaint, except for Mussa's claim under the Fourth Amendment.  The plaintiffs have not filed a response in opposition, and the time to do so has passed.

*Discussion*

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings after the complaint and answer have been filed.  *See* ***Supreme Laundry Serv., LLC v. Hartford Cas. Ins. Co.****,* 521 F.3d 743, 746 (7th Cir. 2008).  Rule 12(c) motions are evaluated under the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which tests the sufficiency of the complaint and not the merits of the suit.  *See* ***Gibson v. City of Chi.****,* 910 F.2d 1510, 1520 (7th Cir. 1990).

**Federal Rule of Civil Procedure 12(b)(6)**  allows for a complaint to be dismissed if it fails to "state a claim upon which relief can be granted."  Allegations other than those of fraud and mistake are governed by the pleading standard outlined in **Federal Rule of Civil Procedure**

**8(a)(2)**, which requires a "short and plain statement" to show that a pleader is entitled to relief. *See* **Cincinnati Life Ins. Co. v. Beyrer**, 722 F.3d 939, 946 (7th Cir. 2013).  The Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard in a decision issued in May 2009.  While Rule 8(a)(2) does not require the pleading of detailed allegations, it nevertheless demands something more "than an un-adorned, the-defendant-unlawfully-harmed-me accusation." **Ashcroft v. Iqbal**, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  In order to survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  **Iqbal**, 556 U.S. at 678 (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)); **Cincinnati Life Ins.**, 722 F.3d at 946 ("The primary purpose of [Fed.R.Civ.P. 8 and 10(b)] is to give defendants fair notice of the claims against them and the grounds supporting the claims.") (quoting **Stanard v. Nygren**, 658 F.3d 792, 797 (7th Cir. 2011)); **Peele v. Clifford Burch**, 722 F.3d 956, 959 (7th Cir. 2013) (explaining that one sentence of facts combined with boilerplate language did not satisfy the requirements of Rule 8); **Joren v. Napolitano**, 633 F.3d. 1144, 1146 (7th Cir. 2011).  This pleading standard applies to all civil matters.  **Iqbal**, 556 U.S. at 684.

First, the defendants have argued that the allegations in the Complaint do not support a federal cause of action for deprivation of rights based on familial relationships.  Wair claimed that "[a]s a direct result of Richardson's use of unreasonable and excessive force, [he] has been deprived of his right to enjoy continuing family relations with his wife, as protected by the 14th Amendment of the United States Constitution."  (DE 1, ¶ 31).  The defendants contend that there is no such right under federal law.  Instead, the defendants have indicated that Wair is asserting a loss of consortium claim under state law.

Wair's claim that Richardson's use of unreasonable and excessive force deprived him of

his right to enjoy continuing family relations with his wife clearly is different from the familial rights such as the right to marry, the right to procreate, the right to divorce, and the right of a family to live together, which are given constitutional protection.  "[F]inding a constitutional violation based on official actions that were not directed at the parent-child relationship would stretch the concept of due process far beyond the guiding principles set forth by the Supreme Court."  *Russ v. Watts*, 414 F.3d 783, 790 (7th Cir. 2005).  Moreover, even if Wair was asserting a state law claim for loss of consortium, it also would fail.  Without tortious misconduct of the defendant, the injured spouse has no valid claim, and a claim for loss of consortium is barred.  *Miller v. Central Indiana Community Foundation, Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014).  The plaintiffs have not alleged tort liability.  Therefore, Wair has not asserted a viable claim under the Fourteenth Amendment.  Since Wair no longer has asserted a claim, he is dismissed as a plaintiff.

Next, the defendants have argued that Mussa cannot recover under the Fourteenth Amendment for her excessive force claim.  "All claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."  *Graham v. O'Connor,* 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1988); *see* ***Lester v. City of Chicago***, 830 F.2d 706, 713 (7th Cir. 1987).   Here, Richardson's alleged maltreatment of Mussa clearly relates to "an arrest, investigatory stop or other seizure" and must be measured by Fourth Amendment standards.  Accordingly, Mussa's claim under the Fourteenth Amendment is dismissed.

Finally, the defendants have argued that the plaintiffs have not alleged a claim against the Town of New Chicago.  The defendants have indicated that the only allegation in the Complaint

relative to New Chicago is that Richardson was the Chief of Police at New Chicago and was acting within the course and scope of his employment at the time of the occurrence at issue.

Under § 1983 jurisprudence, a municipality is considered a "person" and thus may be held liable for a violation of § 1983.  ***Monell v. Department of Social Services***, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  However, the doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983.  ***Moore v. Indiana***, 999 F.2d 1125, 1129 (7th Cir. 1993).  Accordingly, for a municipality to be held liable under § 1983, a plaintiff must prove that a policy or custom of the municipality caused the harm.  *Monell*, 436 U.S. at 694.  The plaintiffs have not alleged that Richardson's actions were in furtherance of an official municipal policy or custom.  Therefore, the Town of New Chicago is entitled to judgment as a matter of law and is dismissed from this matter.

Based on the foregoing reasons, the Motion for Judgment on the Pleadings [DE 17] is **GRANTED.**  Accordingly, the claims brought by Charlie Wair and Tai Mussa under the Fourteenth Amendment are **DISMISSED**; the plaintiff, Charlie Wair, is **DISMISSED**; and the defendant, Town of New Chicago, is **DISMISSED**.  Tai Mussa may proceed with her claim under the Fourth Amendment.

ENTERED this 23rd day of April, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge